Jacksonville Gas Company, a corporation, and St. Augustine Gas & Electric Company, a corporation, *Appellant,* v. J. M. Lee, as Comptroller of the State of Florida, *Appellee.*

148 So. 188.
Opinion filed May 4, 1933.
Re-hearing denied May 26, 1933.

62

*Julian Hartridge,* for Appellants;

*Cary D. Landis, Attorney General,* and *H. E. Carter, Assistant,* for the State.

WHITFIELD, J.,—Chapter 14677 which became effective May 28, 1931, recites in its preamble that in the due exercise by the State of its police power, all corporations, foreign and domestic, that have filed charters in the office of the Secretary of State, should be required to file annual reports with the State in order that the State may in due course provide proper supervision of corporations, and that the expenses thereof would be a reasonable charge against the exercise of corporate privileges enjoyed by corporations authorized to do business in Florida; and enacts in Section 1 that "All corporations except such as are specifically exempt in Section 6 of this Act, including those corporations heretofore incorporated under the laws of the State of Florida and those that may hereafter be incorporated under the laws of the State of Florida be and the same are hereby required to file with the Secretary of State on July 1st of each year a sworn report" containing stated matters including "the number of the shares of the corporate stock of such corporations with the par value thereof, the total amount of capital stock and if a foreign corporation the amount of its capital stock allocated for use in the State of Florida, and such other information as may be needed to show if the corporation is active or inactive."

"Section 2. Every corporation required to file reports as provided in Section 1 of this Act shall pay to the Secretary of State for the use of the State of Florida, a filing fee or tax according to the schedule set forth in this Section, which, however, shall in no instance be less than $10.00 nor greater than $1,000.00 * * *."

"Section 5. The following shall be exempt from the provisions of this Act: railroad companies, Pullman companies, telephone and telegraph companies, building and loan associations, insurance companies, co-operative marketing associations and corporations not for profit."

Chapter 15726, effective July 24, 1931, amended Section 6 of Chapter 14677 by adding thereto:

"These corporations and companies so exempted from the operation of this Act being regulated by or paying excise taxes under other provisions of law."

Chapter 15658, which became effective August 24, 1931, provides:

"That all corporations, firms, individuals, including municipalities, receiving payment for electricity for light, heat or power and for natural or manufactured gas for light, heat or power and for use of telephones and for the sending of telegrams and telegraph messages or all such corporations, firms and individuals engaged in any such businesses on or before the first day of January, A. D. 1932, and annually thereafter, report to the Comptroller of the State of Florida on or before the fifteenth day of March under oath of the Secretary or other officer of such company, corporation, firm or individual the total amount of gross receipts derived from business done in this State for the preceding calendar year, provided, however, that the first report made March 15, 1932, shall be for the period from July 1st, 1931, to December 31st, 1931, and at the same time shall pay into the Treasury of the State the sum of One ($1.50) Dollar and Fifty Cents upon each One Hundred ($100.00) Dollars of such gross receipts."

Section 6 of the Act does not state when it shall take effect, so Section 18, Article III of the Constitution controls, and the Act took effect 60 days after the final adjournment of the legislative session.

The Jacksonville Gas Company, a corporation, and the St. Augustine Gas & Electric Light Company, a corporation, brought a bill of complaint against the Comptroller of the State in which it is in effect alleged that each company has paid the maximum fee provided by Chapter 14677 as

amended by Chapter 15726 for the years 1931 and 1932; that Chapter 15658 is invalid and void as being in contravention of the equal protection clause of the Fourteenth Amendment to the Constitution of the United States and Sections 1 and 12 of the Declaration of Rights of the Florida Constitution, in that complainants are required by the Act to file the return and make the payments as stated therein and no other persons or corporations similarly circumstanced are required to make any such return or to pay any such tax; that Chapter 15658 is repugnant to Chapter 14677 as amended by Chapter 15726, insofar as it affects complainants and in respect to complainants was repealed and superseded by Chapter 14677 as amended by Chapter 15726.

It is prayed that the State Comptroller "be enjoined and restrained from enforcing the provisions of Chapter 15658, Acts of 1931, against these complainants, or either of them, until further order of this Court; that the Court do decree the said Chapter 15658, Acts of 1931, not applicable to and of no effect against complainants, or either of them; and that upon final hearing such injunction may be made perpetual."

The court denied a temporary injunction and dismissed the bill. Complainants appealed.

It is contended that as Chapter 14677, as amended by Chapter 15726, levying a tax upon the capital stock of corporations, exempted from its operation "railroad companies, Pullman companies, telephone and telegraph companies, building and loan associations, insurance companies, cooperative marketing associations and corporations not for profit," giving as a reason for such exemptions that "these corporations and companies so exempted from the operation of this Act being regulated by or paying excise taxes under other provisions of law;" and that as the complainant

gas and electric light corporations are not exempted from the payment of a capital stock excise tax and being required to pay a tax on receipts from sales of gas and electricity by Chapter 15658, when telephone and telegraph companies who are subject to the excise tax under Chapter 15658, are exempt from the capital stock tax under Chapter 14677 as amended by Chapter 15726, the complainants are denied the equal protection of the laws.

The tax imposed by Chapter 14677 is a filing fee or tax upon the privilege of doing business as a corporation in the State; while the taxes imposed by Chapter 15658 are upon the business of receiving payment for gas and electricity "for light, heat or power and for use of telephones and for the sending of telegrams and telegraph messages." The statutes impose wholly distinct classes of privilege taxes. Both are excise taxes; one is a filing fee or tax in the nature of a franchise tax upon capital stock of corporations, and the other is in its essential characteristics a sales tax. The law-making power of the State may levy intrastate taxes upon the capital stock and also a tax upon the business of any or all private corporations and may make just and reasonable classifications among corporations by exemptions or otherwise in making intrastate levies of excise taxes, applicable to some corporations and not to others when there is a substantial basis for the classifications made, and there is no hostile or arbitrary discrimination. Excise taxes may be imposed upon some corporations and not upon others. and some corporations may be required to pay more kinds of excise taxes than other corporations when the classifications for the taxes have a reasonable basis and are not arbitrarily imposed on some and not on others. Pullman Co. v. Knott, 70 Fla. 9, 69 So. 703; Pullman Co. v. Knott, 235 U. S. 23.

The validity of Chapter 14677, imposing a capital stock

tax has been adjudicated. Gray v. Central Florida Lumber Co., 104 Fla. 446, 141 South. Rep. 604, Certiorari denied by U. S. Supreme Court, 77 L. Ed. 36.

The exemption of telephone and telegraph corporations from the capital stock "filing fee or tax," imposed by Chapter 14677, on the ground that they are "regulated by or paying taxes under other provisions of law," is justified, even if such telephone and telegraph corporations may not also be exempted from the capital stock corporation tax because of inherent differences in their nature from that of other corporations such as the appellants here, and because they are incorporated under statutes that are materially different from and in some respects more onerous than the statutes under which corporations generally including electric and gas corporations may be incorporated. See Section 5978 (4049) *et seq.,* and Section 6527 *et seq.,* Compiled General Laws.

Telephone and telegraph corporations operating in this State are by statute subjected to special regulations and supervision that are not imposed upon electric and gas corporations. See Sections 6333 (4369) to 6384 (4420), Compiled General Laws; Chapter 13882, Acts of 1929.

The exemption of telephone and telegraph corporations from the "filing fee or tax" under Chapter 14677, when other corporations, including the complainant gas and electric light corporations are required to pay such "filing fee or tax," such exemption being based on a permissible classification, does not deny to the complainant gas and electric light corporations the equal protection of the laws in violation of the Fourteenth Amendment to the Federal Constitution and does not violate Sections 1 and 12 of the Declaration of Rights of the Constitution. The exemptions of the classes of corporations enumerated in Section 6 of Chapter 14677, from the tax imposed by the statute,

does not create a hostile discrimination and the classifications caused by the exemptions have a reasonable basis in substantial differences affecting the corporations with reference to the nature of the tax imposed, and the classifications are not arbitrary or oppressive. The imposition of a filing fee or tax under Chapter 14677 and also a business tax under Chapter 15658, upon the appellant electric and gas corporations, when the latter tax only is imposed upon the telephone and telegraph corporations, does not deny to the appellant corporation the equal protection of the laws, · since the exemption of telephone and telegraph corporations from the franchise tax under Chapter 14677 is predicated upon a permissible classification and the tax imposed by Chapter 15658 is properly applied to gas and electric corporations as well as to telephone and telegraph corporations.

Chapter 15658 in effect imposes a sales tax upon corporations, firms and individuals receiving payment for electricity and gas, and for the use of telephones and for sending telegrams; and the validity of the statute has been considered. City of Lakeland v. Amos, Comptroller, 106 Fla. 873, 143 Sou. Rep. 744.

There is no conflict or repugnacy between Chapter 14677 as amended by Chapter 15726, and Chapter 15658; and no part of either statute is repealed or rendered inoperative by the other, as either statute affects the appellants, gas and electric corporations. Neither statute violates the equality and uniformity of taxation provisions of Section 1, Article IX of the Constitution, such organic provisions being applicable to *ad valorem* taxes and not to excise taxes.

Affirmed.

DAVIS, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.