ERVIN, Justice.
This is an appeal by three citizen-taxpayers of Broward County, Florida, from a final decree of the Circuit Court of Dade County, Florida, dismissing their complaint. In their complaint against the members of the State Racing Commission- and four dog track operators, the Appellants, as plaintiffs below, sought to have F.S. § 550.162, F.S.A., declared unconstitutional. In dismissing their complaint the Circuit Court passed upon and upheld the constitutionality of said section, resulting in our jurisdiction of this appeal being invoked pursuant to Section 4(2), Article V, State Constitution, F.S.A.
F.S. Section 550.162, F.S.A. (Ch. 29693, Laws of Florida 1955), grants to all dog tracks an allowance or credit of $170 per ráce per’ day to cover their “daily initial expense of operation,” to be deducted by each track from the' 17 % of the pari-mutiiel pools withheld by the track. Such. allowance of $170 is to be deducted before imposing any taxes pursuant to F.S. §§ 550.09' and 550.Í6, F.S.A., or “any other act of the Legislature.”
The Appellants in their complaint and in their appeal assert that the $170 deduction is' an unconstitutional tax exemption because it is a capricious and arbitrary classification for exemption purposes a'nd *75 discriminates against them and other taxpayers generally who are not allowed hy law any similar credit or deduction for their business or other daily expenses out of any taxes imposed upon them or against their property.
They cite in support of their contentions Volusia County Kennel Club v. Haggard (Fla.1954), 73 So.2d 884, which held dog ’ tracks are businesses similar to all other business enterprises in the state and that taxation thereupon must he governed by the same principles that apply to the taxation of all other businesses. They assert that in the Volusia County Kennel Club case this Court stated that the pronouncement of the Supreme Court of the United States in Stewart Dry Goods Co. v. Lewis (1935), 294 U.S. 550, 55 S.Ct. 525, 79 L. Ed. 1054, that a gross sales tax is invalid because it “exacts from two persons different amounts for the privilege of doing exactly similar acts because the one has performed the act oftener than the other,” is the law followed in Florida.
We fail to find any merit in Appellants’ contentions. The Legislature has the power to impose or not to impose the subject excise taxes upon the privilege of operating dog tracks licensed in Florida. The impact of the excise tax was upon the pari-mutuel pools. It lay within the legislative prerogative to determine the amount or percentage that was to be deducted from the pools to cover the excise tax. It thus fell within the power of the Legislature to . prescribe that the state’s excise tax on the dog track racing privilege would he 7% of each pari-mutuel pool less $70. This was the excise tax imposed hy the statutes ab initio when construed together. There was no tax exemption; merely a specification of how the amount of the state’s excise tax was to be computed and taken from each pari-mutuel pool. Under its-power to strictly regulate dog track racing and parimutuel gambling in all particulars, the state through the. Legislature had the authority, , in addition to imposing the excise tax, to concomitantly prescribe and did prescribe the total amount or percentage of the parimutuel pool to be distributed among winning ticket holders and the amount of a dog track operator’s take to be retained, which latter was 10% of each pari-mutuel pool, plus $70. These featurs were all packaged together in the 1955 dog track racing statutes to consistently cover these interrelated subjects.
The foregoing is the substance of F.S. §§ 550.162 and 550.16, F.S.A. (Ch. 29694, Laws of Florida 1955), stripped to essentials, which sections were passed as cognate acts of the 1955 Legislature and must be construed in pari materia. See 30 Fla.Jur. 211, and 50 Am.Jur. 345.
All dog tracks are treated similarly by said statutes, each being subject to the same excise tax, and are granted the same deduction or credit or “exemption,” and given the same take from the pari-mutuel pools. In the Volusia County Kennel Club case, supra, this .Court specifically recognized that the Legislature had provided classification of “race track gambling into two classes, dog tracks and horse tracks,” and further recognized that “upon this classification, different taxes were imposed.”
Exemptions in excise tax statutes which ordinarily are classifications specifying the nature and extent of imposition of the excise tax are not subject to the limitations of uniformity and equality or restricted to the exemption purposes applying to the taxation of real and personal property.
In Gray v. Central Florida Lumber Co. (1932), 104 Fla. 446, 140 So. 320, it was said :
“[22, 23] In the imposition of an excise tax, the rule of equality and uniformity as guaranteed hy article 9 of the Constitution is not involved. Excise taxes have been imposed in many ways, but so long as they are reasonable, not unjustly discriminatory, nor arbitrary, *76 whimsical, irrational, grossly oppressive, plainly unequal, or contrary to common right, they will be upheld. * ^ * ”
In Jacksonville Gas Co. v. Lee (1933) 110 Fla. 61, 148 So. 188, telephone and telegraph corporations were granted an exemption by statute from the capital stock filing fee or tax. The statute was held constitutional because the exemption was justified by virtue of the inherent differences of telephone and telegraph corporations from other corporations, in that they are incorporated under statutes materially different from statutes under which corporations generally may be incorporated, and further because telephone and telegraph corporations are subject to special regulations and supervision not imposed upon other corporations, including gas corporations, in which classification plaintiff there fell.
The only requirement of “equality” and “uniformity” with which we are here concerned is that all tracks in the same class be treated similarly. Under F.S. § 550.162, F.S.A., the single classification is “all dog tracks,” and all dog tracks are uniformly treated, so that the statute in question is a proper and constitutional exercise of the legislative power and function.
We perceive no impediment in the Constitution preventing the Legislature from exercising broad authority to specifically classify, tax and regulate legalized dog tracks in all essentials, as provided by the statutes under attack. It could prescribe the amount of the excise tax or the state’s take from pari-mutuel pools, the amount of the pools to be retained by each dog track operator, whether percentages or flat amounts or both, and in addition the amount of the pools to be distributed among winning ticket holders in the manner provided in said statutes. So long as there is no arbitrary or unreasonable discrimination among the class, that is among the dog track operators, we denote no illegality in the division of the funds in the pari-mutuel pools for taxes and for the other purposes specified. The legislative authority as exercised in the statutes involved to provide necessary regulation and taxation appears immune from constitutional invalidity.
Affirmed.
DREW, C. J., and THOMAS, ROBERTS, THORNAL and CALDWELL, JJ., concur.
O’CONNELL, J., heard argument but did not participate in decision.