177 So.2d 887 (1965)
Doris D. FORESMAN and Harry Foresman, Appellants,
v.
EASTERN STEAMSHIP CORPORATION, a Florida corporation, Appellee.
No. 64-1010.
District Court of Appeal of Florida. Third District.
June 29, 1965.
Rehearing Denied September 9, 1965.
*888 Carey, Terry, Dwyer, Austin, Cole & Stephens and Edward A. Perse, Miami, for appellants.
Shutts, Bowen, Simmons, Prevatt, Boureau & White and Cotton Howell, Miami, for appellee.
Before TILLMAN PEARSON, CARROLL and SWANN, JJ.
SWANN, Judge.
This is an appeal from the entry of a final summary judgment in favor of the appellee. The parties will be referred to as in the trial court. The facts briefly are these.
The plaintiffs instituted a suit for personal injuries against the defendants, alleging, inter alia, charges of negligence and breach of contract; contending that the limitation provided in the contract did not bar their suit for injury, which was commenced approximately eighteen months after the date of the injury. They do not contest the order of the trial court dismissing the complaint insofar as the count sounding in contract is concerned.
The pertinent part of the contract is as follows:
* * * * * *
"* * * and in no event shall any suit for any cause against the Carrier with respect to delay, detention, personal injury, illness or death be maintainable, unless suit shall be commenced within one (1) year from the day when the delay, detention, personal injury, illness or death of the passenger occurred."
* * * * * *
The questions before this court are, (1) did the trial court err in the judicial construction and interpretation of the limitation provisions of the contract; and (2) did the action of the defendant's attorney constitute sufficient grounds for a waiver or estoppel to prevent the invocation of the limitation provisions of the contract by reason of a letter dated September 11, 1962, requesting certain information?
The record does not reflect that any action was taken in response to this letter, other than the suit for damages filed approximately eighteen months after the date of the injury.
Both parties agree that although this is a common law action in a state court, it is governed by general maritime law. Under these circumstances, the limitation provisions provided by Section 95.03, Florida Statutes, F.S.A., do not apply. See Jansson v. Swedish American Line, 1st Cir., 1950, 185 F.2d 212, 221, 30 A.L.R.2d 1385; Scheibel v. Agwilines, Inc., 2nd Cir., 1946, 156 F.2d 636.
*889 The general rule is set forth in 80 C.J.S. Shipping § 195c (1953):
* * * * * *
"The right to agree on a limitation of time to sue has been given legislative recognition by the provisions of the federal statute, 46 U.S.C.A. § 183b, which prescribe a minimum period of limitation for the bringing of a suit for claims for death or bodily injury which may be inserted in the contract of carriage, and where the contractual limitation is in conformity with this statute, failure to bring the action within the time fixed by the contractual provision bars relief. * * Furthermore, as such legislation supersedes state legislation on the subject, a limitation of the character under consideration in a contract of carriage which is in conformity with the statute is valid and enforceable, notwithstanding any state legislation to the contrary.
* * * * * *
"Since the provisions which appear in the contract of carriage are binding on the passenger regardless of whether or not they are read, as discussed supra § 182, the lack of knowledge of a provision in the contract of carriage requiring the maintenance of suit within a specified time does not excuse the passenger from complying with it. * * *"
* * * * * *
The case of Schwartz v. S.S. Nassau, S.D.N.Y. 1963, 223 F. Supp. 374, involved a case in which the plaintiff failed to commence action (for wrongful death) within the one year limitation prescribed by the contract. The defendant's motion for summary judgment was granted, and on appeal the court stated as follows:
* * * * * *
"* * * under subsection (c) of § 4283A the Court finds that the provision in the ticket contract is lawful to the extent that it provides that `suit to recover on any claim shall not be maintainable unless commenced * * * within one year from the date when the death or injury occurred', * * *"
* * * * * *
We hold that under the above cited authorities, the one year limitation provision contained in the contract is a bar to any personal injury action filed approximately eighteen months after the date of the injury.
We now turn to the allegation that the defendant has waived or is estopped to deny the defense of the one year limitation because its attorneys wrote the letter of September 11, 1962, requesting the attorneys for the plaintiffs to furnish them "with the details of the accident, Mrs. Foresman's physician's reports and his prognosis and details of the specials."
In Continental Ins. Co. of City of New York v. Fire Ass'n, 6th Cir., 1945, 152 F.2d 239, the plaintiff had alleged that from time to time negotiations were carried on between the parties in an endeavor to arrive at an amicable disposition of the matter. In affirming the dismissal of the complaint filed after the one year limitation provision of the contract, the court said:
* * * * * *
"* * * mere negotiations in an endeavor to arrive at an amicable disposition of a controversy are insufficient basis for application of the doctrine of waiver or estoppel. It is noteworthy that there are in the complaint no allegations of promises to pay, concealment, bad faith, fraud, misrepresentation or other facts which might be construed as an attempt to mislead plaintiff's assignor or to lull it into a sense of security, or into the belief that payment of any amount would be made by defendant. There is no allegation, direct or inferential, of intention by plaintiff's assignor to commence suit within the period limited by the policy and of its being turned from that course *890 of action by misleading acts or promises by the defendant. * * *"
* * * * * *
Here, there has been no showing that there was any fraudulent or inequitable conduct on the part of the defendant, but rather a mere request for information concerning the accident. None of the essential elements of estoppel or waiver have been shown or pled. 12 Fla.Jur. Estoppel and Waiver §§ 7, 23 and 30 (1957). We therefore conclude that the letter requesting information concerning the accident does not constitute a waiver or estoppel to a defense alleging a valid limitation provision in a contract.
For these reasons the decision is
Affirmed.