PER CURIAM.
This appeal is by the plaintiff below from an adverse summary judgment. The action, which was for damages to stored merchandise, was filed less than three years, but more than one year, after the cause of action accrued. On defendant’s motion the trial court granted summary judgment, based on a ruling that the action was untimely filed.
On appeal the plaintiff contends the trial court was in error in holding there were no genuine triable issues. The plaintiff’s goods were delivered to the defendant ap-pellee, Canadian Gulf Line of Florida, Inc., a warehouseman and shipping agent. The goods became damaged while so held by the defendant. The theory upon which the defendant sought and obtained summary judgment was that it had received the goods in the capacity of a shipper’s agent, giving a dock receipt reciting that the goods were so received, “for shipment on M/S Kirkstar to Kingston, Jamaica;” that the dock receipt incorporated by reference the terms of the company’s standard bill of lading which in turn contained a contractual limitation of the time for filing action for damage to goods to the period of one year, and which bill of lading invoked the benefit of the provisions of the Carriage of Goods by Sea Act, 46 U.S.C.A. § 1300 et seq., by reason of which the rights of the parties were controlled by maritime law.
Under § 95.11(5) (c) Fla.Stat., F.S.A., the limitation period for actions for damage to goods is three years. Under § 95.03 Fla.Stat., F.S.A., contractual provisions shortening statutory limitation periods are against public policy and void. However, in actions controlled by maritime law contractual shortening of a statute of limitation period is permissible, as authorized by the cited federal statute. Foresman v. Eastern Shipping Corp., Fla.App.1965, 177 So.2d 887; Scheibel v. Agwilines, Inc., 2 Cir.1946, 156 F.2d 636; J. B. Effenson Co. v. Three Bays Corp., Ltd., 5 Cir. 1956, 238 F.2d 611.
Here the question of whether maritime law was applicable depended upon whether the goods were delivered to and received by the defendant for storage as a warehouseman (as contended for by the plaintiff), or as a shipper’s agent (as contended by defendant). If defendant was acting as shipper’s agent it was entitled to the benefit of the terms ofithe uniform bill of lading as provided for in the dock receipt, and to the one year contractual limitation period for filing suit.
Without observing need to restate the contents of the evidentiary material submitted by affidavit and deposition for and against the motion for summary judgment, based on our examination thereof we hold the trial court was eminently correct in granting judgment for the defendant.
Affirmed.