277 So.2d 804 (1973)
Donald H. KEMPER, Appellant,
v.
The FIRST NATIONAL BANK OF DAYTON, OHIO, Appellee.
No. 72-961.
District Court of Appeal of Florida, Third District.
May 8, 1973.
Rehearing Denied June 11, 1973.
Carl A. Spatz, Miami, for appellant.
Bradford, Williams, McKay, Kimbrell, Hamann & Jennings and Kenneth F. Claussen, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and CHARLES CARROLL, JJ.
PEARSON, Judge.
The appellant, Donald H. Kemper, appeals from a summary final judgment entered against him which recites liability for the following amounts: (1) in the sum of $38,328.67, and (2) in the sum of $8,790.25 jointly with Eugene H. Prinz.[1] In addition, the summary final judgment finds against the appellant upon his counterclaim.[2] On this appeal, the summary final *805 judgment against the appellant is reversed upon a holding that the court should decline to grant a summary final judgment until such time as the facts have been sufficiently developed to enable the court to be reasonably certain that there is no genuine issue of material fact and that the only question to be determined is one of law. See Pancoast v. Pancoast, Fla.App. 1957, 97 So.2d 875.
The background of the case may be summarized as follows. In 1969, the appellee-bank instituted a suit on a promissory note in the Court of Common Pleas, Montgomery County, Ohio, against Polaris Productions, Inc., A.E. Staley, Eugene H. Prinz, and Donald H. Kemper. The Ohio court entered a judgment in the amount of $47,315.63 in favor of the appellee.
Subsequent to the entry of the Ohio judgment, the appellee sold securities which had been pledged by defendant Kemper as collateral for two notes. One note was from Polaris Productions, Inc., while the other was the note on which the Ohio judgment was entered. The proceeds were used to satisfy in full a judgment on the note from Polaris Productions, Inc., and the remaining balance of $12,862.07 was applied to reduce the Ohio judgment.
On November 22, 1971, the appellee-bank entered into a so-called "Mary Carter" agreement with Eugene H. Prinz and A.E. Staley whereby appellee promised to forego collection of the Ohio judgment against Prinz and Staley in consideration of Prinz and Staley creating a fund in which the sum of $19,250.00 was deposited. Under the terms of this agreement appellee would be able to levy on the fund after July 1, 1972, if it were unable to collect the amount of the Ohio judgment from the appellant.
In the case at bar, the pleadings raise several substantive issues which were not resolved by the affidavits filed in support of appellee's motion for summary judgment. Among these issues are: (1) whether appellant was given credit in the final judgment for the sum of $9,761.99 as to which the amended complaint alleged "[n]o part of said Judgment has been paid or satisfied, except the sum of $9,761.99 ..."; (2) whether appellant was entitled to or was given credit for the sum of $19,250.00 which was deposited under the so-called "Mary Carter" agreement where said amount was subject to application upon the judgment at the time the judgment was entered; and, (3) whether the "Mary Carter" agreement, which provided that the appellee-bank could retain a sum of $20,000.00 if it collected the amount of the Ohio judgment from the appellant, constituted a release of the appellant.
Accordingly, the summary final judgment is reversed for further proceedings in the cause.
Reversed.
NOTES
[1] Eugene H. Prinz was a second trial court defendant who has not filed an appeal.
[2] The judgment reads:

* * * * * *
"(1) Plaintiff recover from the Defendant, DON H. KEMPER, the sum of THIRTY EIGHT THOUSAND THREE HUNDRED TWENTY EIGHT AND 67/100 ($38,328.67) DOLLARS for which let execution issue;
(2) Plaintiff recover from the Defendants, EUGENE H. PRINZ and DON H. KEMPER, the sum of EIGHT THOUSAND SEVEN HUNDRED NINETY AND 25/100 ($8,790.25) DOLLARS, and its costs for which let execution issue against the Defendant, DON H. KEMPER; and
(3) Defendant, DON H. KEMPER, take nothing by his counterclaim and the Plaintiff-Counterdefendant, THE FIRST NATIONAL BANK, DAYTON, OHIO, go hence without day."
* * * * * *