280 So.2d 43 (1973)
ARROW BEEF CORPORATION, a Florida Corporation, Appellant,
v.
SOUTH ATLANTIC & CARIBBEAN LINES, INC., Appellee.
No. 72-1395.
District Court of Appeal of Florida, Third District.
July 10, 1973.
Fink & Syna, Miami, for appellant.
Fowler, White, Humkey, Burnett, Hurley & Banick, and William B. Milliken, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
PER CURIAM.
The major point on this appeal is whether the parties[1] to a bill of lading may therein agree to be bound by the Carriage of Goods by Sea Act [46 U.S.C.A. § 1300 et seq.] regarding a limitation of actions *44 provision of one year[2] for losses or damages to the cargo. We note the provision of 46 U.S.C.A. § 1312 stating, inter alia:
"Nothing in this chapter shall be held to apply to contracts for carriage of goods by sea between any port of the United States or its possessions, and any other port of the United States or its possessions: Provided, however, That any bill of lading or similar document of title which is evidence of a contract for the carriage of goods by sea between such ports, containing an express statement that it shall be subject to the provisions of this chapter, shall be subjected hereto as fully as if subject hereto by the express provisions of this chapter:" [Emphasis supplied.]
In the case sub judice, the bill of lading entered into between the contracting parties falls within the above-emphasized provision of the statute and the trial judge correctly ruled that the one year limitation of action within the Carriage of Goods by Sea Act precluded appellant's counterclaim, notwithstanding the provisions of § 95.03, Fla. Stat., F.S.A.[3] Coquette Originals, Inc. v. Canadian Gulf Line of Florida, Fla.App. 1970, 240 So.2d 847; Foresman v. Eastern Steamship Corp., Fla.App. 1965, 177 So.2d 887.
Moreover, upon careful consideration of the additional point raised by appellant and the point on cross-appeal raised by appellee, we have concluded that no reversible error has been demonstrated by either party in these regards. Accordingly, the order and final judgment appealed and cross-appealed from are hereby affirmed.
Affirmed.
NOTES
[1] It appears from the pleadings and record that appellant was the assignee of one of the parties to the bill and, therefore, bound by its terms.
[2] 46 U.S.C.A. § 1303(6).
[3] § 95.03, Fla. Stat., F.S.A. provides:

"All provisions and stipulations contained in any contract whatever ... fixing the period of time in which suits may be instituted under any such contract, or upon any matter growing out of the provisions of any such contract, at a period of time less than that provided by the statute of limitations of this state, are hereby declared to be contrary to the public policy of this state, and to be illegal and void. No court in this state shall give effect to any provision or stipulation of the character mentioned in this section."