BARKDULL, Chief Judge.
The cause in the trial court was instituted as a result of a vehicular accident between two tractor-trailer rigs, which occurred in Duval County, Florida. The deceased, Earl Luther Campbell, one of the drivers, was killed in the accident.
The complaint alleged that the defendants, Heuff and Ward, were the owners of a tractor-trailer rig, which rig was being operated by either the defendant Hunter and/or the defendant Beckstead at the time of the accident; that the defendant *625 insurance company was the liability carrier for the owners. The original answer by Hunter denied he was the driver; he subsequently filed an answer which admitted he was the driver. At all times, Beckstead contended that Hunter was the driver and, in answers to written interrogatories, Hunter conceded he was the driver. However, the trial court had prohibited the plaintiff from taking the oral depositions of Hunter and Beckstead until the eve of the trial. There is further evidence that the investigating trooper of the Florida Highway Patrol was originally informed by Hunter and Beckstead that Beckstead was the operator, although he concedes that Hunter subsequently changed his story. There is some question of whether this trooper would be permitted to testify, because of the prohibitions of Ch. 316, Fla.Stat. However, the appellant urges that the trooper would be permitted to testify because there is an exception to the prohibition against disclosing the results of an accident investigating report when it relates to identity of the operator of one of the vehicles involved in an accident when it is not otherwise known. This issue is not now before us.
Beckstead moved for summary judgment, contending that there was no issue as to whether or not he was the driver of the vehicle. The trial court concurred and entered a summary judgment in his favor. He thereafter permitted an amendment to the complaint, which permitted the proceeding to continue against Beckstead upon the theory that he negligently permitted Hunter to operate the tractor-trailer rig. These appeals ensued, contesting the validity of the original order of summary judgment and the amended order which permitted the amendment. The appeals were consolidated.
Following review of the briefs and oral argument, it is our view that the record did not establish conclusively that there was no issue of fact as to who actually was the driver of the defendant-vehicle at the time of the accident. Therefore, it was inappropriate to render a summary judgment against the non-moving party. Holl v. Talcott, Fla. 1966, 191 So.2d 40; Visingardi v. Tirone, Fla.1967, 193 So.2d 601; Anderson v. Aamco Transmissions of Brevard, Inc., Fla. 1972, 265 So.2d 5. This is particularly true when, because of the protective order, the discovery had not been completed by the plaintiff. Pancoast v. Pancoast, Fla.App. 1957, 97 So.2d 875; Kemper v. First National Bank of Dayton, Ohio, Fla.App.1973, 277 So.2d 804; Lovelace v. Sobrino, Fla.App. 1973, 280 So.2d 514.
Therefore, so much of the summary judgment in favor of the defendant Beck-stead is reversed with directions to the trial court to leave him in the proceeding as a defendant, both as to the original complaint alleging he negligently operated the vehicle himself or, in the alternative, on the amended complaint that he was negligent in entrusting the operation of the tractor-trailer to Hunter.
Reversed in part and remanded to the trial court for proceedings not inconsistent herewith.