PER CURIAM.
The prime question in this case is who was the general contractor involved in the construction of a warehouse in Dade County.
The contract in question identified the contractor as a joint venture on the first page. It was signed by V. Jim Santi, Inc., by Vincenzo Santi, President, as contractor. A purported subcontract was entered into with Superior Roof Company, which contract originated as a proposal to Santi, Neville, Carmel Industries. This proposal was accepted by V. Jim Santi, Inc., by Vincenzo Santi, President. Thereafter, an employee of Superior was injured and brought an action against V. Jim Santi, Inc. Santi defended, contending it was a general contractor; that the exclusive remedy of the plaintiff was under the workmen’s compensation statute [Ch. 440, Fla. Stat.], and that no cause of action existed against the defendant, the alleged general contractor. The matter came on for summary judgment hearing on behalf of the defendant. Attached to the motion for summary judgment was an affidavit of V. Jim Santi, wherein he set forth that the corporation was in fact the general contractor bu , for purposes of the performance bond, the individual names were added to the contract indicating that the contractor was a joint venture. As to the purported subcontract, the affidavit also explained that Santi-Neville, Inc., was an old' corporation that had gone out of existence prior to the job in question. The affidavit gave no explanation for the identification of Carmel Industries on the proposal; Carmel was, in fact, the owner.
If Superior, as a subcontractor, was dealing directly with the owners, its employee would have an action. Jones v. Florida Power Corp., Fla.1954, 72 So.2d 285; Smith v. Ussery, Fla.1972, 261 So.2d 164; Conklin v. Cohen, Fla.1973, 287 So.2d 56. Pursuant to the change in the law before this accident [see: § 440, Fla.Stat.], one subcontractor would have a cause of action against another, so that if V. Jim Santi was not the contractor it may have another subcontractor and, therefore, the plaintiff would have had a cause of action. There is also a question as to whether [in the execution of the original contract executed' by Carmel] V. Jim Santi, Inc. signed on behalf of itself or signed on behalf of the joint venture.
Therefore, all these things being considered, we feel that the granting of a summary judgment by the trial court was at least an error on the record as then presented to him, as the facts had not been sufficiently developed to enable the court to be reasonably certain that there was no genuine issue of a material fact, and that the matter could be determined as a matter of law.
Therefore, upon the authority of Kemper v. First National Bank of Dayton, Ohio, Fla.App.1973, 277 So.2d 804, we reverse the *152 summary judgment here under review and return the matter to the trial court for further proceedings not inconsistent herewith.
Reversed and remanded, with directions.