PER CURIAM.
A petition for rehearing having been granted and after argument thereon, the original opinion filed in this cause is withdrawn and the following is substituted therefor.
The defendant, Guarantee Trust Life Insurance Company, appeals a summary final judgment for the insured in an action for medical expenses provided by the policy. Defendant does not claim that the undisputed facts present a genuine issue of material fact.
The decision in this case turns upon whether the trial court correctly held that the five year statute of limitations contained in Section 95.11(2), Florida Statutes (1975), is governing in this case. The defendant insurance company urges that a three year period of limitation contained in its policy is a bar to plaintiff’s action. The following provision of the policy tracks Section 627.616, Florida Statutes (1975):
“10. No action at law or in equity shall be brought to recover on this Policy prior to the expiration of sixty (60) days after proof of loss has been filed in accordance with the requirements of this Policy, nor shall such action be brought at all unless brought within three years from the expiration of the time which proof of loss is required by the Policy.”
The question then is: May this group insurance policy prescribe a period shorter than that allowed by the general limitations statute? Section 95.03, Florida Statutes (1975), provides as follows:
“95.03 Contracts shortening time. Any provision in a contract fixing the period of time within which an action arising out of the contract may be begun at a time less than that provided by the applicable statute of limitations is void.”
Appellant urges, however, that authority for the shorter period of limitation arises from Section 627.616, Florida Statutes (1975), which applies only to disability policies delivered to a person. That statute is as follows:
“627.616 Legal actions. — There shall be a provision as follows:
“ ‘Legal Actions: No action at law or in equity shall be brought to recover on this policy prior to the expiration of 60 days after written proof of loss has been furnished in accordance with the requirements of this policy. No such action shall be brought after the expiration of 3 years after the written proof of loss is required to be furnished.’ ”
Appellant recognizes that this statute alone could not authorize a shorter period than five years. But it claims the right to incorporate the provisions of that section by virtue of Section 627.660(3)(4), Florida Statutes (1975), which is applicable to group disability insurance policies and provides as follows:
“(3) No such policy shall contain any provision relative to notice or proof of loss, or to the time for paying benefits, or to the time within which suit may be brought on the policy, which is less favorable to the individuals insured than would be permitted by the comparable provisions required for individual disability insurance policies.
“(4) The provisions of part VI of chapter 627 shall not apply to blanket disability insurance policies, but no such policy shall contain any provision relative to notice or proof of loss, or to the time for paying benefits, or to the time within *73 which suit may be brought on the policy, which is less favorable to the individuals insured than would be permitted by the comparable provisions required for individual disability insurance policies.”
The insurance company urges that since the provisions of the insurance code applicable to it allow it to write a policy which is not less restrictive than a policy written under Part IV which pertains to individual policies, then it is by implication given the same benefit conferred by Section 627.616, Florida Statutes (1975), upon policies of individual insurance and which allows for a three year statute of limitations. The construction of a statute is aided by the principle that statutes should be construed in pari materia. See Willis v. Morgan, 176 So.2d 73 (Fla.1965); and Lanier v. Bronson, 215 So.2d 776 (Fla. 4th DCA 1968). A corollary of this rule is the principle that statutes should be construed so as not to create a conflict. See State v. Putnam County Development Authority, 249 So.2d 6 (Fla.1971); and Woodley Lane, Inc. v. Nolen, 147 So.2d 569 (Fla. 2d DCA 1962). Further, in construing a statute, the court should endeavor to ascertain from the language of the statute the intention of the legislature. See Lanier v. Bronson, 215 So.2d 776 (Fla. 4th DCA 1968); and Grade v. Deming, 213 So.2d 294 (Fla. 2d DCA 1968). We conclude from the sections quoted that it was the intention of the legislature to allow to group insurance policies the right to include a limitation period less than that provided by the general five year statute but not more restrictive than the period allowed for individual disability insurance policies. Therefore, it is in keeping with the intention of the legislature that group disability policies may provide a three year statute of limitations.
Under the facts of the instant case, the injury occurred on September 4, 1970, and suit was filed on March 5, 1975. The answer of the defendant affirmatively pleads as follows:
“7. That any cause of action that Plaintiff may have had is barred by Plaintiff’s failure to bring an action to recover on the policy within three years and ninety (90) days of the date of the alleged accident as required by the policy.”
We conclude that under the facts of this case the defendant, and not the plaintiff, was entitled to a summary final judgment because the action was not brought within the time limit in the policy. Having found that this judgment must be reversed on the above basis, it is not necessary for us to consider other points presented. The cause is remanded with directions to enter a judgment for the defendant.
Reversed and remanded.