PER CURIAM.
This is an appeal from a final summary judgment for the defendant Renan E. Delgado in a wrongful death action by an employee of Machine Construction Company. The summary judgment was apparently entered under the provisions of Section 440.10, Florida Statutes (1975), although the defense was not pleaded nor does the judgment so specify.
The scanty record does not clarify the relationship of the parties. Defendant Delgado states in his brief that the owner of the project was West Palmetto Land Corporation. The record reveals that Delgado was an officer and one of the principals of West Palmetto. Delgado says that he was the general contractor but that he employed a contractor, Machín Construction Company, to do all the work. The plaintiff was an employee of Machín. The injury was allegedly caused by the negligence of another defendant, Leroy’s Crane Service. The evidence is conflicting on the contractual relationship of the crane service to Delgado or Machín.
We hold that summary final judgment was improperly entered on this record. The applicability of the exclusion in Section 440.10, Florida Statutes (1975), can be determined only when the status of the defendant Delgado is fully established on the record. See Little v. Jim Santi, Inc., 334 So.2d 150 (Fla. 3d DCA 1976); and Kemper v. First National Bank of Dayton, Ohio, 277 So.2d 804 (Fla. 3d DCA 1973).
Reversed and remanded.