433 So.2d 581 (1983)
SUNTOGS OF MIAMI, INC., a Florida Corporation, Appellant,
v.
BURROUGHS CORPORATION, James Ross, and Robert Madden, Appellees.
SUNTOGS OF MIAMI, INC., a Florida Corporation, Petitioner,
v.
The Honorable Thomas A. TESTA, as Judge of the Circuit Court for the 11TH Judicial Circuit, Dade County, Florida, Respondent.
Nos. 82-580, 82-937 and 82-1364.
District Court of Appeal of Florida, Third District.
May 31, 1983.
Rehearing Denied July 13, 1983.
*583 Hoffman & Hertzig and David Hertzig, Coral Gables, Weintraub, Weintraub, Seiden, Dudley & Press, Miami, for appellant in Case Nos. 82-580 and 82-937 and for petitioner in Case No. 82-1364.
Gilbride, Heller & Brown and Lawrence Heller, Miami, for appellees in Case Nos. 82-580 and 82-937.
Robert A. Ginsburg, County Atty., and Roy Wood, Asst. County Atty., for respondent in Case No. 82-1364.
Before NESBITT, DANIEL S. PEARSON and FERGUSON, JJ.
NESBITT, Judge.
In these consolidated cases, Suntogs of Miami, Inc. (Suntogs) appeals an unfavorable summary judgment and order taxing costs entered in its suit against Burroughs Corporation (Burroughs), Ross, and Madden[1] [Case Nos. 82-580 and 82-937] and seeks issuance of writs of mandamus and prohibition in its suit against Silton Data, Inc., (Silton) [Case No. 82-1364].

CASE NOS. 82-580 AND 82-937
Suntogs, a clothing manufacturer, purchased a computer from Burroughs, experienced problems with operation of the computer system, and brought the present action alleging breach of contract and warranties, negligent performance of contract, and fraud. The trial court entered summary final judgment in favor of the defendants finding that there was no issue of fact as to fraud and that the other claims were barred by a contractual limitation-of-action clause which provided:
No action arising out of any claimed breach of the Agreements or obligations under the Agreements may be brought by either party more than two (2) years after the cause of action has accrued.
Under Florida law, the above contract provision would be rendered void by Section 95.03, Florida Statutes (1975), declaring:
Any provision in a contract fixing the period of time within which an action arising out of the contract may be begun at a time less than that provided by the applicable statute of limitations is void.
However, the parties stipulated in their agreement that the laws of the State of Michigan would govern its interpretation, validity, and effect. Michigan law does not prohibit contract clauses shortening the applicable statute of limitations, provided the period is not reduced to less than one year. Mich. Comp. Laws § 440.2725 (1970).[2] Suntogs has conceded that if the contractual limitations clause is given effect the contract claims were untimely filed. Therefore, the first issue for our determination is whether the parties' choice of Michigan law should be enforced with regard to that clause.
The sale of a computer is a transaction in goods and thus is governed by the Uniform Commercial Code. § 672.102, Fla. Stat. *584 (1975). The Code provides: "[W]hen a transaction bears a reasonable relation to this state and also to another state or nation the parties may agree that the law either of this state or of such other state or nation shall govern their rights and duties." § 671.105(1), Fla. Stat. (1975). This section is a codification of the choice-of-law principle known as "party autonomy." E. Scoles and P. Hay, Conflict of Laws §§ 18.1-.12 (1982). Florida's non-Uniform-Commercial-Code case law is in accord with this principle as well as the "reasonable relation" test used to determine its applicability. See Morgan Walton Properties, Inc. v. International City Bank & Trust Co., 404 So.2d 1059 (Fla. 1981); Continental Mortgage Investors v. Sailboat Key, Inc., 395 So.2d 507 (Fla. 1981). Because the defendant, Burroughs, is a Michigan corporation with its principal place of business in Michigan, the sale of the computer to Suntogs bears a reasonable relation to that state. Nonetheless, for the reasons that follow, we decline to apply Michigan law to permit operation of the clause reducing the limitations period.
Our law recognizes that party autonomy will not be honored when the law of the state selected conflicts with the strong public policy of Florida.[3]See Continental Mortgage Investors v. Sailboat Key, Inc., supra (no such strong public policy inheres in Florida's usury laws). Section 95.03 formerly read as follows:
All provisions and stipulations contained in any contract whatever entered into after May 26, 1913 fixing the period of time in which suits may be instituted under any such contract, or upon any matter growing out of the provisions of any such contract, at a period of time less than that provided by the statute of limitations of this state, are hereby declared to be contrary to the public policy of this state, and to be illegal and void. No court in this state shall give effect to any provision or stipulation of the character mentioned in this section.
Consequently, in Sun Insurance Office, Limited v. Clay, 133 So.2d 735 (Fla. 1961), the supreme court held that the prohibition against contractual stipulations shortening the period of limitations applied to "`any contract whatever'  foreign or domestic  when Florida's contact therewith, existing at the time of its execution or occurring thereafter, is sufficient to give a court of this state jurisdiction of a suit thereon." 133 So.2d at 738 (emphasis supplied). In 1974, however, Section 95.03 was amended, Ch. 74-382, § 2, Laws of Fla. The defendants argue that the new version of the statute (quoted earlier in this opinion) constitutes a renunciation by the legislature of the public policy against contractual provisions reducing statutory limitations periods. We do not divine such a legislative intent.
Under Section 95.03, as amended, a contractual reduction of the statutory limitations period is still void. Ordinarily, courts are called upon to seek out the public policy of a state in order to determine whether a particular contract or provision thereof is void. See, e.g., Edwards v. Miami Transit Co., 150 Fla. 315, 7 So.2d 440 (1942); Bond v. Koscot Interplanetary, Inc., 246 So.2d 631 (Fla. 4th DCA 1971). It follows that where the governing statute already declares a certain contract clause void, a manifestation of strong public policy is present. Not unmindful that, as Justice Terrell once remarked, public policy may be "described as a very unruly horse, and when once you get astride it, you never know where it will carry you," Story v. First Nat. Bank & Trust Co., in Orlando, 115 Fla. 436, *585 156 So. 101, 103 (1934); see also Russell v. Martin, 88 So.2d 315, 317 (Fla. 1956), we are nonetheless confident that with the plain legislative expression in Section 95.03, our mount is in this instance tame and our course clear. We hold that a contractual stipulation purporting to shorten the otherwise applicable statute of limitations remains contrary to the public policy of Florida, see 11 Fla.Jur.2d Contracts § 88 (1979), and sufficiently so as to avoid the parties' choice of another jurisdiction's laws sanctioning such stipulations.
Apparently, the contractual limitations clause was also the basis for the entry of summary judgment on the claim of negligent performance of contract. Because we have determined that the clause shall have no effect, it is unnecessary to decide whether such a claim would come within its interdiction.
With respect to the fraud claim, Suntogs has appealed not only the unfavorable summary judgment but an underlying discovery order prohibiting Suntogs from obtaining information concerning a Burroughs transaction with another apparel firm, Miss Erika, Inc. The trial court found that this evidence was not subject to discovery because of the lack of similarity between the Suntogs and Miss Erika, Inc. transactions. However, a perusal of the record reveals that the computer sold by Burroughs to Miss Erika, Inc. was the same model (the "B700") that was sold to Suntogs. Moreover, Miss Erika, Inc. and Suntogs each purchased a software source known as the Silton Apparel Package for use with their B700's and although the Silton Apparel Package was sold by Silton and not by Burroughs, the fraud counts alleged that Burroughs, Ross, and Madden misrepresented the operability of the B700 in integration with the Silton software package.
In general, information is discoverable when relevant and reasonably calculated to lead to the discovery of admissible evidence. Fla.R.Civ.P. 1.280(b)(1). Relevant evidence is evidence tending to prove or disprove a material fact. § 90.401, Fla. Stat. (1981). A material element of Suntogs' fraud claims against Burroughs and its employees is that they had actual or constructive knowledge of problems with the B700/Silton system and yet made misrepresentations to the contrary. Cameron v. Outdoor Resorts of America, Inc., 608 F.2d 187, 195 (5th Cir.1979), adhered to on pet. for rehearing, 611 F.2d 105 (5th Cir.1980); Alexander/Davis Properties, Inc. v. Graham, 397 So.2d 699, 706 (Fla. 4th DCA), pet. for review denied, 408 So.2d 1093 (Fla. 1981); First National Bank of Stuart v. Jackson, 267 So.2d 697 (Fla. 4th DCA 1972). The Miss Erika, Inc. installation was begun before that at Suntogs; therefore, it is within reason that Burroughs employees may have been aware of problems with the B700/Silton system before its installation at Suntogs. Information concerning the Miss Erika transaction, although possibly inadmissible at trial, is nonetheless discoverable. See, e.g., Simons v. Jorg, 384 So.2d 1362 (Fla. 2d DCA 1980); Spencer v. Spencer, 242 So.2d 786 (Fla. 4th DCA 1970), cert. denied, 248 So.2d 169 (Fla. 1971).
While we recognize that the premature termination of discovery through no fault of Suntogs normally would entitle it to a reversal of the summary judgment on the fraud claims, Cullen v. Big Daddy's Lounges, Inc., 364 So.2d 839 (Fla. 3d DCA 1978); Commercial Bank of Kendall v. Heiman, 322 So.2d 564 (Fla. 3d DCA 1975); Campbell v. Hartford Fire & Casualty Co., 309 So.2d 624 (Fla. 3d DCA 1975), we note that the record even as it stands now does not demonstrate as a matter of law that Suntogs could not prove these claims.
The gravamen of the fraud counts was a fraudulent inducement to purchase a Burroughs B700 with Silton software when this system was not operative or was faulty. The elements of such a cause of action are: a false representation of material fact made with knowledge of its falsity or made without knowledge as to its truth or falsity or made under circumstances in which the representor ought to have known of its falsity; intention to induce another to act upon the representation; and resulting injury to the party acting in justifiable reliance on the representation. Alexander/Davis Properties, Inc. v. Graham, supra; see also Cameron v. Outdoor Resorts of America, Inc., *586 supra. Our examination of the pleadings, affidavits, and discovery material reveals that material issues of fact exist as to all these elements.
The only other ground advanced to support the summary judgment as to fraud was the existence of a contract clause purporting to absolve Burroughs from liability concerning the Silton software. Although it may eventually be shown that the problems with the Suntogs installation lay in the Silton Package and not the B700, this clause cannot relieve Burroughs from liability for fraudulent misrepresentations concerning the Silton Package and its operability with the B700. See Oceanic Villas, Inc. v. Godson, 148 Fla. 454, 4 So.2d 689 (1941); Zuckerman-Vernon Corp. v. Rosen, 361 So.2d 804 (Fla. 4th DCA 1978). Consequently, summary judgment on the fraud counts was improvidently granted.
In view of the above, the final summary judgment in favor of Burroughs, Ross, and Madden, as well as the attendant non-final order taxing costs must be reversed.

CASE NO. 82-1364
Suntogs petition for writs of mandamus and prohibition in its suit against Silton challenges an order appointing a professor of mathematics as special master "to take testimony and proofs of the parties in the entire case and report the same back to the Court with his findings of law and fact... ." The trial court cited as authority for its order Northwestern National Insurance Co. v. Greenspun, 330 So.2d 561 (Fla. 3d DCA 1976) in which we approved the appointment of a special master, who was not an attorney, to perform specified tasks under the direction of the circuit court. The trial court's order in that case was a far cry from the one before us, which appointed such a master to hear testimony and proofs in the entire case. The petitioner strenuously objected to the order of reference to the special master. It is settled that a master cannot hear the entire case over the objection of a party. Powell v. Weger, 97 So.2d 617 (Fla. 1957); Slatcoff v. Dezen, 74 So.2d 59 (Fla. 1954); see Data Lease Financial Corp. v. Blackhawk Heating & Plumbing Co., Inc., 325 So.2d 475, 477-78 (Fla. 4th DCA 1975). Thus, the order of reference was improper.
Under Article I, Section 22 of the Florida Constitution, a party has an organic right to have his action tried before a judge or jury. The petitioner duly filed its demand for jury trial in the court below. Mandamus is an appropriate remedy to compel a judge to commit to a jury the issues triable as a matter of right. Sarasota-Manatee Airport Authority v. Alderman, 238 So.2d 678 (Fla. 2d DCA 1970). Prohibition will lie against any person wrongfully assuming judicial power. Gordon v. Savage, 383 So.2d 646 (Fla. 5th DCA), pet. for review denied, 389 So.2d 1110 (Fla. 1980). The proper method of attacking an order of reference is by petition for mandamus directed to the trial court and by petition for prohibition directed to the master. United States v. O'Connor, 291 F.2d 520 (2d Cir.1961).
Suntogs is therefore entitled to the requested relief, but in lieu of issuing the writs, we vacate the order of reference and remand the cause for further proceedings not inconsistent herewith.
For the foregoing reasons, the order and judgment appealed from in Case Nos. 82-580 and 82-937 are reversed; the order in Case No. 82-1364 is vacated and the cause remanded.
NOTES
[1] Ross and Madden are, respectively, the Miami Branch Manager and a Miami area salesman for Burroughs.
[2] Mich. Comp. Laws § 440.2725 (1970) is part of the Uniform Commercial Code as enacted in Michigan. This provision was originally included in Florida's Uniform Commercial Code, see Ch. 65-254, § 1, Laws of Fla., but was subsequently repealed. Ch. 74-382, Laws of Fla.
[3] Although we observe that the Uniform Commercial Code version of the party autonomy rule, as embodied in Section 671.105(1), lacks a reference to the public policy exception, at least one other court has read the exception into the Code provision. Mell v. Goodbody & Co., 10 Ill. App.3d 809, 295 N.E.2d 97, 100 (1973). With the exception a part of our common law, Continental Mortgage Investors v. Sailboat Key, Inc., supra, we do not hesitate to do the same. See § 671.1-105, Fla. Stat. Ann. (1966) Florida Code Comments (Conflict of laws rules contained in this section "are not intended as comprehensive rules for the entire field of commercial transactions. They are basic, specialized measures to provide statutory expression for the sake of uniformity of the Code. Other matters are left to the established conflict of laws rules of each jurisdiction.") (emphasis supplied).