472 So.2d 1166 (1985)
BURROUGHS CORPORATION, a Michigan Corporation Doing Business in Florida, James Ross, and Robert Madden, Petitioners,
v.
SUNTOGS OF MIAMI, INC., a Florida Corporation, Respondent.
No. 64109.
Supreme Court of Florida.
July 11, 1985.
Lawrence R. Heller, of Gilbride, Heller & Brown, Miami, for petitioners.
David Hertzig, of Hoffman & Hertzig, Coral Gables and Weintraub, Weintraub, Seiden, Dudley & Press, Miami, for respondent.
BOYD, Chief Justice.
This case is before the Court on petition for review of the decision of the district court of appeal on the ground that it conflicts with decisions of this Court. We *1167 have jurisdiction. Art. V, § 3(b)(3), Fla. Const. The district court of appeal decision is reported as Suntogs of Miami, Inc. v. Burroughs Corp., 433 So.2d 581 (Fla. 3d DCA 1983).
Suntogs of Miami, a clothing manufacturer, purchased computer equipment from Burroughs Corporation. The sales contract contained a provision designating the law of Michigan as the law governing resolution of any legal dispute between the parties under the contract. The sales contract also contained a limitation-of-action provision requiring that any action arising from a claim of breach of the contract be brought within two years of the accrual of the cause of action.
Suntogs experienced difficulties with the computer systems and found that they did not function as expected. Suntogs subsequently sued Burroughs and two of its sales employees in several counts including breach of contract, breach of warranty, negligent performance, and fraud. However, the action was not brought within the two-year limitation period provided for in the contract as measured from the time when Suntogs found the equipment unsatisfactory and stopped using it. Burroughs and the other defendants raised as a defense the expiration of the contractual period of limitation. The trial court granted summary judgment for the defendants on the contractually based counts on the ground of expiration of the two-year period. On the fraud count, the court entered summary judgment for the defendants, finding no genuine issue of fact on the fraud allegations.
Section 95.03, Florida Statutes (1975), provides as follows:
Any provision in a contract fixing the period of time within which an action arising out of the contract may be begun at a time less than that provided by the applicable statute of limitations is void.
Under this Florida statute the two-year period provided in the contract would be held void because it is shorter than the five-year period provided for actions based on written contracts under section 95.11(2)(b), Florida Statutes (1975).
However, the parties stipulated in their contract that the law of Michigan should govern its effect and interpretation. Michigan law permits the parties to a contract to designate a limitation period within which a lawsuit must be brought, even though shorter than any otherwise applicable statute of limitations, so long as they do not establish a time period of less than one year. Mich. Comp. Laws. § 440.2725 (1970).
Section 671.105(1), Florida Statutes (1975), provides as follows:
[W]hen a transaction bears a reasonable relation to this state and also to another state or nation the parties may agree that the law either of this state or of such other state or nation shall govern their rights and duties.
The district court commented on this provision and its application to this case as follows:
This section is a codification of the choice-of-law principle known as "party autonomy." E. Scoles and P. Hay, Conflict of Laws §§ 18.1-.12 (1982). Florida's non-Uniform-Commercial-Code case law is in accord with this principle as well as the "reasonable relation" test used to determine its applicability. See Morgan Walton Properties, Inc. v. International City Bank & Trust Co., 404 So.2d 1059 (Fla. 1981); Continental Mortgage Investors v. Sailboat Key, Inc., 395 So.2d 507 (Fla. 1981). Because the defendant, Burroughs, is a Michigan corporation with its principal place of business in Michigan, the sale of the computer to Suntogs bears a reasonable relation to that state.
433 So.2d at 584. Nevertheless the court declined to apply the chosen Michigan law on the question of the contractually agreed limitation period. The court reversed on the ground that section 95.03, set forth above, expresses a strong public policy of the State of Florida and as such prevails over the choice-of-law concept of "party autonomy." The court reasoned that the *1168 statute providing that a contractual provision shortening the period is "void" expresses the public policy of the state as strongly as is necessary.
We find the district court's decision directly conflicts with our decision in Continental Mortgage Investors v. Sailboat Key, Inc., 395 So.2d 507 (Fla. 1981), where we held that Florida's usury statute prohibiting certain interest rates does not establish a strong public policy against two parties' contractually agreeing to apply another state's law, under which the agreement was valid. See also Morgan Walton Properties, Inc. v. International City Bank & Trust Co., 404 So.2d 1059 (Fla. 1981). In Continental, we noted that the usury statute was fraught with exceptions, belying the imputation of a strong public policy; that it was recently amended reflecting a rather flexible public policy; that it was not fundamental to the legal system; and that it had a limited effect upon a contract. These factors, which reflected the reasons why we found there was not a strong public policy against allowing two parties to an interstate commercial loan transaction to agree to apply another state's usury laws, are applicable to this case.
First, we find the policy enunciated by section 95.03 to be riddled with exceptions. The courts of this state have refused to apply an earlier, even more stringent,[*] version of this section in actions controlled by maritime law, Arrow Beef Corp. v. South Atlantic & Caribbean Lines, Inc., 280 So.2d 43 (Fla. 3d DCA 1973); Coquette Originals, Inc. v. Canadian Gulf Line of Florida, Inc., 240 So.2d 847 (Fla. 3d DCA 1970); Foresman v. Eastern Steamship Corp., 177 So.2d 887 (Fla. 3d DCA 1965), and in actions where the only connection Florida had to the suit was the fact that the plaintiff resided here when the suit was filed, Aetna Casualty & Surety Co. v. Enright, 258 So.2d 472 (Fla. 3d DCA 1972); Quarty v. Insurance Co. of North America, 244 So.2d 181 (Fla. 2d DCA 1971). Second, the legislature has frequently amended the provisions controlling the statutory periods of limitation, demonstrating the flexibility of this public policy. Third, we do not consider the protections offered by a statute of limitations to be fundamental to a legal system. Before this section was originally enacted, contractual provisions shortening the period of time to bring a suit were valid and enforceable. National Surety Co. v. Williams, 74 Fla. 446, 77 So. 212 (1918). Finally, the laws governing the time to bring a suit have a limited effect upon a contract insofar as they do not invalidate the contract, but merely allow the defendant to set up an affirmative defense. In all these respects the public policy concerning the appropriate statutory period of limitations shares the same attributes as the public policy concerning usury laws.
Furthermore, section 95.03 must be read in pari materia with other laws which suggest that parties to an agreement may contract to shorten the period of time for filing a suit. See Guarantee Trust Life Insurance Co. v. Fundora, 343 So.2d 71 (Fla. 3d DCA 1977). With respect to commercial transactions, the legislature has specifically authorized contracting parties to agree that the laws of another state having a reasonable relation to the transaction may govern their rights and duties. § 671.105, Fla. Stat. (1983). In enacting this provision, the legislature recognized the need for parties to interstate commercial transactions to know in advance which state's laws were to apply. Instead of requiring the parties to achieve this knowledge from the myriad of cases concerning *1169 conflict of laws, the legislature has authorized the parties to make the choice themselves. This advance knowledge serves to reduce confusion and encourage quicker, easier resolutions. The legislature also provided specific exceptions in subsection (2), thereby limiting the scope of contracting parties' power to agree to apply another state's law. None of these exceptions prevent contracting parties from agreeing to apply another state's law on the matter of contractual limitations periods.
In this case, the contractual provision shortening the period for bringing a suit did not automatically inure to the benefit of one party to the detriment of the other. This provision applied equally to both parties in granting them the same protections. If Suntogs had breached the agreement and Burroughs had failed to file suit within two years of the breach, then Suntogs could have relied upon this provision in raising as an affirmative defense that the suit was not timely filed.
We therefore conclude that the contractual provision shortening the period of time for filing a suit was not contrary to a strong public policy. We quash the decision of the district court and remand with instructions that the trial court's order dismissing the suit be affirmed as to the counts arising from the contract. Because of its decision that the time-limitation clause had no effect, the district court did not need to decide the question of whether the claim of negligent performance was contractually based and therefore governed by the clause. Having quashed the district court's holding on the enforceability of the limitation clause, we direct that on remand the district court decide this question. The district court's decision on the fraud count, reversing summary judgment and remanding for trial, is not questioned in this proceeding.
The decision under review is quashed and the case remanded for proceedings consistent with this opinion.
It is so ordered.
ADKINS, OVERTON, ALDERMAN and SHAW, JJ., concur.
McDONALD and EHRLICH, JJ., dissent.
NOTES
[*] Prior to its amendment by chapter 74-382, section 2, Laws of Florida, section 95.03 provided as follows:

All provisions and stipulations contained in any contract whatever entered into after May 26, 1913 fixing the period of time in which suits may be instituted under any such contract, or upon any matter growing out of the provisions of any such contract, at a period of time less than that provided by the statute of limitations of this state, are hereby declared to be contrary to the public policy of this state, and to be illegal and void. No court in this state shall give effect to any provision or stipulation of the character mentioned in this section.