ORDER ON MANDATE
PER CURIAM.
In Suntogs of Miami, Inc. v. Burroughs Corp., 433 So.2d 581 (Fla. 3d DCA 1983), this court reversed the summary judgment entered in favor of Burroughs Corp. (Burroughs), Ross and Madden on the breach of contract and warranties, and the negligent performance of contract counts filed against them, finding that the contractual limitation-of-action clause, relied upon by the trial court, was ineffective. 433 So.2d at 583-85. In addition, this court reversed the summary judgment entered in favor of Burroughs, Ross and Madden on the fraud counts filed against them, finding that material issues of fact remained as to all elements involved in the charges. 433 So.2d at 585-86.
On review of this court’s judgment, the supreme court quashed this court’s decision with regard to the contractual limitation-of-action clause. Burroughs Corp. v. Suntogs of Miami, Inc., 472 So.2d 1166 (Fla. 1985). The supreme court ordered that the trial court’s order dismissing the suit be affirmed as to the counts arising from the contract and that this court decide the question of whether the claim of negligent performance was contractually based and, thus, governed by the time-limitation clause. 472 So.2d at 1169. This court’s decision with regard to the fraud counts, reversing the summary judgment and remanding for trial, was not questioned before the supreme court and remains the law of the case. 472 So.2d at 1169. The supreme court’s mandate is now lodged in this court.
Suntogs of Miami, Inc., the appellant herein, has subsequently filed a formal notice that it is abandoning its appeal with regard to the negligent performance count, thus leaving the judgment entered against it on that count by the trial court intact. Finding that the rights of the appellees will not be prejudiced, we hold that any alleged error in the trial court’s entry of judgment against the appellant on the negligent performance count has been abandoned. See Weatherford v. Weatherford, 91 So.2d 179 (Fla.1956). Accordingly, we need not answer the question directed to this court by the supreme court.
This court hereby orders that its mandate heretofore issued in this cause on July 29, 1983, is withdrawn, the judgment of this court filed May 31, 1983, is vacated to the extent it is inconsistent with the opinion and judgment of the Supreme Court of Florida, the said opinion and judgment of the Supreme Court of Florida is herewith *392 made the opinion and judgment of this court, and the final order of the trial court appealed from is reinstated and affirmed except with regard to the fraud counts.
Costs allowed shall be taxed in the trial court. Fla.R.App.P. 9.400(a).