459 So.2d 378 (1984)
Lowell M. HALLMAN and Eva B. Hallman, His Wife, Appellants,
v.
CARNIVAL CRUISE LINES, INC., Appellee.
No. 84-445.
District Court of Appeal of Florida, Third District.
November 6, 1984.
Rehearing Denied December 17, 1984.
Horton, Perse & Ginsberg and Edward A. Perse, John B. Ostrow, Miami, for appellants.
Holland & Knight and Michael T. Moore and George Mencio, Jr., Miami, for appellee.
*379 Before NESBITT, DANIEL S. PEARSON and JORGENSON, JJ.
DANIEL S. PEARSON, Judge.
This appeal is from a summary judgment entered in favor of the defendant Carnival Cruise Lines, Inc. on the ground that the plaintiff-passengers' action to recover for injuries sustained by the plaintiffs when Mr. Hallman slipped and fell on the deck of Carnival's cruise ship, the T.S.S. Festival, was barred by the one-year limitations period provided for in the passenger tickets. We affirm.
The facts are not in dispute. The Hallmans participated in a tour package offered by a travel agency. After reading the brochure supplied by the agency which described the cruise, set forth the applicable rates, and contained a "Tour Participation Contract," the Hallmans filled out and mailed a reservation form along with their check for the full purchase price to the group sponsoring the cruise. Thereafter, the Hallmans received a "cruise package" from Carnival through the travel agency. The package contained tickets, baggage tags, boarding passes, and another brochure. Only the baggage tags and boarding passes were required to be filled in by the Hallmans.
The passenger tickets consist of two pages  a cover page, on the reverse side of which is page number 1; and a second page, numbered 2 and 3. In the lower left corner of the cover page there appears in upper case type, "SUBJECT TO CONDITIONS OF CONTRACT ON LAST PAGES," and immediately below that, again in upper case type, the words "IMPORTANT: PLEASE READ CONTRACT ON LAST PAGES 1, 2, 3." In the lower right corner of the cover page in lower case type is the statement: "The provisions on the reverse hereof are incorporated as though fully rewritten." On page 1, in upper case type and underlined, are the words, "TERMS AND CONDITIONS OF PASSAGE CONTRACT TICKET." Terms and conditions numbered 1 through 9 are listed beneath this title.[1] The one-year limitations period is found in condition 7 on contract page 1. It reads:
"Suit to recover any claim shall not be maintainable in any event unless commenced within one year after the date of the loss, injury or death."
When the Hallmans boarded the ship on June 20, 1981, their boarding passes were taken; however, they retained copies of their tickets. Four days later, on June 24, 1981, Mr. Hallman slipped and fell on a deck of the ship sustaining injuries. Approximately a year and a half after the incident, the Hallmans filed their action, alleging that the deck was negligently maintained. The defendants successfully moved for summary judgment on the ground that the one-year limitations period barred the Hallmans' action. This appeal ensued.
The appellants contend that they were not adequately informed by the contract of the one-year limitation for bringing suit and, therefore, that this condition of the contract is unenforceable.[2] At the threshold, they argue that the adequacy vel non of the notice of the one-year limitation is to be decided under Florida law and, in any event, is not to be decided as a matter of law. We briefly dispose of these arguments. First, while the plaintiffs are clearly entitled to sue in state courts for damages arising from maritime torts accruing on navigable waters in this country, maritime law is the substantive law to be applied irrespective of where the action is brought. Branch v. Schumann, 445 F.2d 175 (5th Cir.1971); Still v. Dixon, 337 So.2d 1033 *380 (Fla. 2d DCA 1976); Rountree v. A.P. Moller Steamship Co., 218 So.2d 771 (Fla. 1st DCA 1969); Foresman v. Eastern Steamship Corp., 177 So.2d 887 (Fla. 3d DCA 1965). Second, it is well established that the issue of whether the carrier has adequately notified a passenger of a condition of the contract is one to be determined by the court and is thus suitable for disposition by summary judgment. Shankles v. Costa Armatori, S.P.A., 722 F.2d 861 (1st Cir.1983); DeNicola v. Cunard Line Ltd., 642 F.2d 5 (1st Cir.1981); Carpenter v. Klosters Rederi A/S, 604 F.2d 11 (5th Cir.1979); McQuillan v. "Italia" Societa Per Azione Di Navigazione, 386 F. Supp. 462 (S.D.N.Y. 1974), aff'd, 516 F.2d 896 (2d Cir.1975); Schroeder v. Holland-America Cruises, 171 N.J. Super. 584, 410 A.2d 281 (App.Div. 1980). Compare McCaffrey v. Cunard Steamship Co., 139 F. Supp. 472 (S.D.N.Y. 1955); Azrak v. Panama Canal Co., 117 F. Supp. 334 (S.D.N.Y. 1953).
Under maritime law as it has evolved, a notice appearing in the contract must be a reasonable warning to the passenger in order to incorporate into the contract the conditions to which it refers. Silvestri v. Italia Societa Per Azioni Di Navigazione, 388 F.2d 11 (2d Cir.1968). Thus, in Silvestri, notwithstanding that the ticket face bore the words "PASSAGE CONTRACT" in large type, the statement which followed in small type, viz., "Subject to the conditions printed on the cover of this ticket which form part of this contract," was held to be inconspicuous and not sufficiently "eye-catching" to "warn the passenger that the terms and conditions were important matters of contract affecting his legal rights." Id. at 17. See Barbachym v. Costa Line, Inc., 713 F.2d 216 (6th Cir.1983); Raskin v. Compania de Vapores Realma, S.P., 521 F. Supp. 337 (S.D.N.Y. 1981). But where the ticket is "likely to alert the holder to the menace of its fine-print terms," the fine-print terms of the contract will be enforced. Lipton v. National Hellenic American Lines, 294 F. Supp. 308, 309 (E.D.N.Y. 1968). In Lipton, the cover of the five-page ticket was clearly labeled, in large type, "Passage Contract Ticket," and contained, in smaller but readily legible type, the words "Important Notice" followed by the caveat, "[e]ach passenger should carefully examine this ticket, particularly the conditions on pages 2, 3, 4 and 5." The top of page 2 was conspicuously headed "CONDITIONS OF CONTRACT." Pages 2 through 5 contained a list of conditions. The "conditions" opened with language to the effect that the passengers, by accepting the ticket, agree to the terms stated and that the passengers' attention is directed to the terms and limitations appearing on the following pages of the contract. The court concluded that the ticket met the standard of reasonable communicativeness.
Other courts have considered tickets closely resembling the ticket in Lipton. They, too, have concluded that such tickets meet the Silvestri requirement that the contract reasonably communicate the importance of its terms and conditions to the passenger. See DeNicola v. Cunard Line Ltd., 642 F.2d 5; McQuillan v. "Italia" Societa Per Azione Di Navagazione, 386 F. Supp. 462 (ticket similar to one in Lipton; cover of Lipton ticket "phrased in stronger terms"). Our examination of the ticket in the present case reveals that the conspicuousness and clarity of notice on the face of the ticket is virtually indistinguishable from the tickets held to adequately warn in Lipton, DeNicola and McQuillan.[3] Accordingly, we hold that the trial court correctly concluded that the plaintiffs were adequately notified of the condition of the *381 contract requiring that they commence an action within one year after the date of the injury and that, having brought suit outside of that limitations period, the plaintiffs are barred from maintaining their action. The summary judgment in favor of the appellee is
Affirmed.
NOTES
[1] Conditions 10 through 16 and 17 through 25 appear on contract pages 2 and 3.
[2] The appellants do not challenge the validity of the one-year limitation. It appears, however, that under controlling maritime law, see McQuillan v. "Italia" Societa Per Azione Di Navigazione, 386 F. Supp. 462 (S.D.N.Y. 1974), aff'd, 516 F.2d 896 (2d Cir.1975), the parties were free to agree to a limitation period of not less than one year. See Catterson v. Paquet Cruises, Inc., 513 F. Supp. 645 (S.D.N.Y. 1981); Foresman v. Eastern Steamship Corp., 177 So.2d 887 (Fla. 3d DCA 1965).
[3] Were this a case where the notice on the face of the ticket was questionable, the circumstances surrounding the passenger's purchase and retention of and familiarity with the ticket could be decisive on the issue of whether the passenger was bound by the ticket provisions. See Shankles v. Costa Armatori, S.P.A., 722 F.2d 861 (1st Cir.1983). To the extent that these circumstances must be considered even where the warnings are prominent and the conditions of the contract clear, there is no circumstance in the present case which would nullify or detract from the adequacy of the notice.