DELL, Judge.
Appellants sued appellees for damages, alleging that a crew member sexually assaulted Geraldine Neiman during a cruise on appellees’ ship. Appellants filed their suit more than one year after the alleged assault. The trial court held that a one year limitation contained in the Passage Ticket barred her claim and entered summary judgment in favor of appellees.
The enforceability of a limitation such as that contained in appellees’ Passage Ticket is governed by The Majestic, 166 U.S. 375, 17 S.Ct. 597, 41 L.Ed. 1039 (1897) and its progeny, and turns on whether “the steamship line had done all it reasonably could to warn the passenger that the terms and conditions were important matters of contract affecting his legal rights.” Silvestri v. Italia Societa Per Azioni Di Navigazione, 388 F.2d 11, 17 (2d Cir.1968). We have examined the cases cited by the parties, and note that in each case which holds the limitations enforceable, the ticket, clearly and on its face, warns the passenger that his contract for passage is subject to important terms and conditions. We have reviewed the Passage Ticket and hold as a matter of law that it did not contain a clear facial warning of the existence of a contract. We also hold that a question of fact exists as to whether appellant had actual notice of the existence of a contract. We recognize that the Third District recently considered the adequacy of such a notice in Hallman v. Carnival Cruise Lines, Inc., 459 So.2d 378 (Fla. 3d DCA 1984). However, the ticket considered in Hallman, materially differed from appellees’ Passage Ticket.
We reverse the final summary judgment in favor of appellees and remand for further proceedings.
REVERSED and REMANDED.
HERSEY and GLICKSTEIN, JJ., concur.