541 So.2d 1339 (1989)
Thelma ANDERSON, Appellant,
v.
SeaESCAPE LIMITED, INC., Appellee.
No. 88-02151.
District Court of Appeal of Florida, Second District.
April 19, 1989.
W. Dale Gabbard of Ralph M. Guito, Jr., P.A., Tampa, for appellant.
Nathaniel G.W. Pieper of Lau, Lane, Pieper & Asti, P.A., Tampa, for appellee.
ALTENBERND, Judge.
The plaintiff appeals a final summary judgment in favor of SeaEscape which was entered on grounds that her personal injury lawsuit was barred by a one-year limitation contained in the passenger ticket. We reverse because it is not undisputed that Ms. Anderson received a passenger ticket containing the limitation.
Ms. Anderson purchased her ticket from a travel agency on April 9, 1986. She went on a one-day cruise on the following day. During the cruise, she fell and sustained an injury. Although Ms. Anderson remembered purchasing the ticket, she did not remember the details of the ticket. She did not remember whether it included a ticket stock with various limitations. She did not remember seeing additional pages of small print attached to her ticket. She did recall receiving some type of pass upon boarding the vessel. In addition to her own testimony, the plaintiff provided the affidavit of *1340 another person who had purchased several tickets for the SeaEscape cruise during the same month from the same travel agency. That person did not recall receiving tickets with additional pages containing limitations.
With its motion for summary judgment, SeaEscape filed the affidavit of its terminal manager. The affidavit attached a copy of the cover page of Ms. Anderson's ticket, and also attached a ticket stock of the type which SeaEscape maintains all passengers receive when purchasing a ticket. The affidavit states that passengers retain the ticket stock upon boarding the vessel.
SeaEscape's affidavit is defective in form because it is not based upon the personal knowledge of the affiant. Fla.R. Civ.P. 1.510(e); Montejo Invs., N.V. v. Green Cos., 471 So.2d 158 (Fla. 3d DCA 1985). Of equal importance, a comparison of the ticket stock attached to the affidavit and the cover page issued to Ms. Anderson indicates that they are very similar, but not identical forms. Although the cover sheet issued to Ms. Anderson has an "IMPORTANT NOTICE" in bold type in the lower right-hand corner which states that the ticket contains "other limitations" and that the passenger should "read the entire ticket carefully," we cannot determine as a matter of undisputed fact that Ms. Anderson received a ticket containing several pages of limitations or, assuming that she did receive a ticket containing several pages of limitations, that the one-year limitation was one of those conditions.
We concur in the trial court's decision that the notice on Ms. Anderson's cover sheet is sufficient to bring the limitation to her attention and that the one-year limitation would be enforceable if it were within her ticket. Hallman v. Carnival Cruise Lines, Inc., 459 So.2d 378 (Fla. 3d DCA 1984). See also Barone v. Scandinavian World Cruises (Bahamas), Ltd., 531 So.2d 1036 (Fla. 3d DCA 1988). Thus, the only factual question relating to this issue is whether Ms. Anderson's ticket actually contained a one-year limitation period.
Reversed and remanded for proceedings consistent herewith.
CAMPBELL, C.J., and PARKER, J., concur.