SCHWARTZ, Chief Judge.
The plaintiff passenger in a personal injury action, which arose aboard the defendant’s cruise ship and was brought more than one year after the accident, appeals from an adverse summary judgment entered on the ground that the one year statute of limitation contained in her ticket bars the action. Upon the controlling authority of Hirsch v. Klosters Rederi A/S, 521 So.2d 316 (Fla.Sd DCA 1988), we hold, *1222 directly to the contrary, that the contents of the ticket were inefficacious for this purpose as a matter of law.
The ticket considered in Hirsch and held to be insufficient to establish the one year statutory period is in all material respects identical to the present one. Even the ap-pellee is able to point to only one difference between the two — one which epitomizes the sometimes over used expression which refers to a difference without a distinction.[1] An interior page of the multi-page ticket in Hirsch stated: “THE PROVISIONS ON THE REVERSE HEREOF ARE INCORPORATED AS THOUGH FULLY REWRITTEN.” Id. at 317. In the instant case, the ticket provides instead:
NOTICE: The passenger’s attention is specifically directed to the terms and conditions of this contract appearing on pages 6, 7 and 8.
It is clear that the latter provision no more serves to alert the passenger to the limitations provision upon which it now relies than did the ticket in Hirsch. Under the doctrine of Silvestri v. Italia Societa Per Azioni Di Navigazione, 388 F.2d 11 (2d Cir.1968), which was adopted in Hirsch and Hallman v. Carnival Cruise Lines, 459 So.2d 378 (Fla.3d DCA 1984), neither ticket could be deemed to embody all that the steamship line could reasonably do “to warn the passenger that the terms and conditions were important matters of contract affecting his legal rights.” Silvestri, 388 F.2d at 17.
Accordingly, it is plain that Hirsch controls and requires reversal.[2]
Reversed.

. Or is it a distinction without a difference?

. The defendant argues — and the trial judge apparently agreed — that the limitation is enforceable, notwithstanding the insufficiency of the ticket, on the ground that the plaintiff and his attorney knew or should have known of its existence before the year expired. This contention is completely without merit. As the cases clearly establish, the statutory period is enforceable only if the ticket which creates it is objectively sufficient under the law; the parties’ subjective knowledge or lack of it is totally immaterial. See Hallman, 459 So.2d at 380.