PER CURIAM.
Commodore Cruise Lines passenger Sarah Randolph claims she sustained bodily injuries when a dining room chair she had been sitting on collapsed and she fell to the deck. We reverse the summary judgment granted in the appellee cruise line’s favor.
Randolph alleged her injury occurred on June 21, 1988. On October 24, 1990, she filed the instant suit. Commodore argued that Randolph’s action was time-barred by the terms of her ticket, which set forth a one-year action limitation. Randolph claimed that she had never received a ticket; thus, her suit should not be time-barred.
The important and disputed issue of fact was whether Randolph ever received a ticket. In her response to Commodore’s request for admissions, Randolph admitted to complying with boarding procedures. However, she also clearly stated in the same set of responses, that she never had a ticket. In her response to request for production, Randolph explained that she had paid cash to a fellow church member and had, in return, received a boarding pass but no ticket.
The trial court, in granting summary judgment, considered Randolph’s admission of compliance with boarding procedures along with the affidavit of a ship worker who stated that boarding required presentation of a ticket and the employee’s statement that this procedure is strictly complied with.
We conclude that, as in Ager v. D/S A/S Den Norske Afrika-Og, 336 F.Supp. 1187 (S.D.N.Y.1972), an issue of fact remained as to whether Randolph had received a ticket and thus could be charged with notice of the suit time limitation. See Raskin v. Compania de Vapores Realma, 521 F.Supp. 337 (S.D.N.Y.1981); see also Car *1020 penter v. Klosters Reder, 604 F.2d 11 (5th Cir.1979). This disputed fact precludes the summary judgment ordered. See Lumbermen’s Mut. Cos. Co. v. Beaver, 355 So.2d 441 (Fla. 4th DCA 1978).
Accordingly, the judgment granted in the cruise line’s favor is reversed and the case is remanded for further proceedings.