625 So.2d 1308 (1993)
Dorothy COLLINS, Appellant,
v.
DOLPHIN CRUISE LINE, INC., a Florida Corporation d/b/a Dolphin Cruise Line, Appellee.
No. 93-1189.
District Court of Appeal of Florida, Third District.
November 2, 1993.
Fred G. Prichason, North Miami Beach, for appellant.
Keller, Houck & Shinkle, P.A., and Keith S. Brais, Miami, for appellee.
Before JORGENSON, LEVY and GODERICH, JJ.
JORGENSON, Judge.
By this appeal we are again called upon to determine the sufficiency of a cruise line ticket's printed warning of a short limitations period.[1] We agree with the trial court that Dolphin Cruise Line's passenger ticket reasonably communicated the terms and conditions of passage, and affirm.
*1309 Dorothy Collins filed suit against Dolphin Cruise Lines eighteen months after she was injured aboard ship. The cruise line moved for summary judgment on the ground that Collins had failed to sue within the one-year limitations period disclosed on her passenger ticket. In response, Collins argued that the limitations clause was ineffective because it did not sufficiently alert her that her claim would be time barred if not filed within one year of the date of injury.
Both cover pages[2] of Collins' passenger ticket, which is a multi-paged booklet, contain the following language in capital white letters set against a dark blue background:

IMPORTANT NOTICE: READ BEFORE ACCEPTING.
The notice is the only place where capital white letters appear on the page. Beneath that notice on the front cover is this warning:
Please read carefully the terms of this ticket contract beginning at page 1 and continuing through page 5. The terms are an integral part of the contract between passengers and the Company. In accepting this contract you agree to the terms. Attention is particularly drawn to the Company's right to exemption from and limitation of liability and to Articles 19 and 20 which limit the periods in which notification of claim is to be made and suit commenced. Failure to comply with those limitation periods will result in the loss of your rights.
As specified in the notice on the cover page, Article 20 on page 5 of the ticket provides:
TIME LIMIT ON SUITS: Suit to recover on any claim against the company shall be instituted ... within one year from the day when the loss or injury occurred.
This court has held that a passenger ticket did not reasonably communicate the one-year limitations period when, "[e]mbedded on the back of page four and continuing on both sides of page five are twenty-seven numbered paragraphs detailing in diminutive type the terms and conditions of the contract." Hirsch v. Klosters Rederi A/S, 521 So.2d 316, 317 (Fla. 3d DCA 1988). In Hirsch, the ticket contained no warning language, and its inconspicuous incorporation statement was "printed in the smallest, thinnest type on the entire page." Hirsch, 521 So.2d at 318. Unlike the ticket in this case, the ticket in Hirsch had no warning on its face that the provisions inside the booklet were binding contractual terms that limited its passengers' rights. "No language, such as `WARNING' or `IMPORTANT NOTICE' appear[ed] either on the cover of or within the ticket packet." Id. at 319 (citations omitted).
The Dolphin Cruise Line ticket in this case, by contrast, provides passengers with a conspicuous warning flagged with the phrase "IMPORTANT NOTICE" on its front page, and clearly directs the passenger to the limitations clause on an interior page. Collins' suit was therefore barred by the one-year limitation period provided for in her ticket, as the cruise line provided adequate notice of the terms and conditions of passage "in a manner reasonably calculated to inform the plaintiff of those limitations and their importance." Id. See also Euland v. M/V Dolphin IV, 685 F. Supp. 942 (D.S.C. 1988) (ticket which provided on cover page in boldface type larger than print "ISSUED SUBJECT TO TERMS AND CONDITIONS PRINTED ON PAGES 1, 2, 3, 4, 5, AND 6 OF THIS CONTRACT TICKET WHICH FORM PART THEREOF" complied with "reasonably communicative" test and gave passenger adequate notice of limitations period found within ticket) and Hallman v. Carnival Cruises, 459 So.2d 378, 379 (Fla. 3d DCA 1984) (cruise line ticket gave reasonable warning of limitations period specified within ticket by providing in upper case print on cover page the words "IMPORTANT: PLEASE READ CONTRACT ON LAST PAGES 1, 2, 3," and "SUBJECT TO CONDITIONS OF CONTRACT ON LAST PAGE").
Collins argues that even if the ticket reasonably communicated the limitations period, *1310 her suit is not time-barred because she never had possession or control of the one passenger ticket issued for both her travelling companion and herself, and never read the terms and conditions of passage. The cruise line's issuance of one ticket for both passengers does not excuse Collins' failure to familiarize herself with the terms and conditions of passage; her companion's possession of the ticket is sufficient to charge Collins with notice of its provisions. See Marek v. Marpan Two, Inc., 817 F.2d 242, 247 (3d Cir.), cert. denied, 484 U.S. 852, 108 S.Ct. 155, 98 L.Ed.2d 110 (1987); DeCarlo v. Italian Line, 416 F. Supp. 1136, 1137 (S.D.N.Y. 1976).[3] "The passenger who omits to read takes the risk of the omission." Murray v. Cunard S.S. Co., 235 N.Y. 162, 139 N.E. 226, 228 (1923) (Cardozo, J.). Cf. Allied Van Lines v. Bratton, 351 So.2d 344, 348 (Fla. 1977) ("No party to a written contract in this state can defend against its enforcement on the sole ground that he signed it without reading it.") (citations omitted). We find no merit in the remaining point on appeal.
AFFIRMED.
NOTES
[1] See Eick v. Norwegian Caribbean Lines A/S, 560 So.2d 1221 (Fla. 3d DCA 1990); Hirsch v. Klosters Rederi A/S, 521 So.2d 316 (Fla. 3d DCA 1988); Hallman v. Carnival Cruise Lines, 459 So.2d 378 (Fla. 3d DCA 1984).
[2] The ticket booklet contains two cover pages; one is marked "PASSAGE CONTRACT (GOOD FOR PASSAGE); the second is marked PASSENGER'S COPY (NOT GOOD FOR PASSAGE)."
[3] Collins' travelling companion received the ticket booklet that listed them both as passengers. Collins simply let her companion deal with the paperwork, and opted not to read the ticket. She could have examined it either before, during, or after the cruise. Compare Randolph v. Commodore Cruise Lines, 589 So.2d 1019 (Fla. 3d DCA 1991) (issue of fact remained as to whether passenger received actual ticket that contained notice of limitations period, or merely received boarding pass after paying for ticket) and Anderson v. SeaEscape Ltd., 541 So.2d 1339 (Fla. 2d DCA 1989) (same).