LEVY, Judge.
An insured appeals an adverse summary judgment in his suit against his insurer for insurance benefits. Because the insurance policy issued by the insurer did not comply with statutory requirements, we reverse.
Wilfredo Gonzalez, the appellant, was insured by a medical insurance policy issued by Associates Life Insurance Company, the ap-pellee. The policy contained a limitation regarding coverage for AIDS (Acquired Immune Deficiency Syndrome) or ARC (AIDS-Related Complex). The AIDS/ARC limitation excluded coverage for expenses related to AIDS or ARC when the insured first exhibited manifestations of the illness during the first year of the policy’s effectiveness. Gonzalez sought benefits under the policy, but Associates Life refused to pay based upon the AIDS/ARC limitation. Gonzalez then filed suit against Associates Life, claiming the AIDS/ARC limitation did not bar his claim for benefits. The trial court rejected Gonzalez’s contention, and granted Associates Life’s motion for summary judgment. Gonzalez now appeals.
In 1988, the Legislature recognized the potential for discrimination and unfair practices regarding individuals with the AIDS virus. See Ch. 88-380, § 1 et seq., at 1998, Laws of Fla.; Robert C. Waters, Florida’s Omnibus AIDS Act of 1988, 16 Fla.St. U.L.Rev. 441 (1988). One of the results of this legislation, was the enactment of Section 627.429, which regulates the way a health insurance policy may exclude or limit coverage for expenses incurred due to AIDS or ARC. One of the requirements of Section 627.429 is that any AIDS/ARC exclusion or limitation contained in an insurance policy must “[b]e disclosed and referenced in a conspicuous manner on the policy data page.” § 627.429(5)(d)2.c., Fla.Stat. (1989) (emphasis supplied).
Gonzalez’s 32-page insurance policy included a policy data page, which was titled “SCHEDULE OF BENEFITS.” This page consisted of a mostly double-spaced, typewritten list which identified the policy’s benefit limit, the deductible, the existence of optional coverages, and other pertinent information regarding the policy. The data page contained approximately 23 printed lines of information. The line which was sixth from the bottom read:
“AIDS/ARC Conditions Limitation: See Page 24 for limitation.” This line was printed in the same color, style, and size of type as the remainder of the data page.
Thus, the issue for our consideration is simply stated: Was the AIDS/ARC limitation referenced in a “conspicuous” manner on the policy data page as is required by Section 627.429? We answer this question in the negative.
The term “conspicuous” has been defined as “1: obvious to the eye or mind: plainly visible ... 2: attracting or tending to attract attention by reason of size, brilliance, contrast, státion.” Webster’s Third New International Dictionary 485 (1986). In defining “conspicuous term or clause”, Black’s Law Dictionary, tracking U.C.C. § 1-201(10), states that “[ljanguage in the body of a form is ‘conspicuous’ if it is in larger or other contrasting type or color.” Black’s Law Dictionary 309 (6th ed. 1990).
Applying these definitions, we conclude that the language at issue here is not “conspicuous”. The reference to the AIDS/ARC limitation is clearly legible and not buried in the midst of dense language or fine print. Indeed, it is just as discernible as the rest of the provisions printed on the data page. Therein, however, lies the rub. Section 627.-429(5)(d)2.c. requires that the reference be more than discernible; it must be “conspicuous”. Here, the language in question is in no way distinguished from the remainder of the data page provisions. The fact that this language is not highlighted, set apart, or emphasized in any way, renders it not conspicuous. Consequently, because the language is not conspicuous as required by Sec *897 tion 627.429(5)(d)2.e., the AIDS/ARC limitation is unenforceable.[1]
This is the first case addressing the conspicuousness of a data page reference under Section 627.429(5)(d)2.e. However, a review of other areas of law dealing with the con-spieuousness of printed materials supports our conclusion that the language at issue here is not conspicuous. See Collins v. Dolphin Cruise Line, Inc., 625 So.2d 1308, 1309 (Fla. 3d DCA 1993) (cruise ship ticket reasonably calculated to notify passenger of condition, where condition was referenced following heading printed in white capital letters on dark background); Hirsch v. Klosters Reden A/S, 521 So.2d 316, 318 (Fla. 3d DCA 1988) (language on cruise ship ticket printed in smallest, thinnest type on entire page did not draw reader’s attention); Rudy’s Glass Constr. Co. v. E.F. Johnson Co., 404 So.2d 1087, 1090 (Fla. 3d DCA 1981) (disclaimer is conspicuous where it was only material printed in all capital letters on page); Orange Motors of Coral Gables, Inc. v. Dade County Dairies, Inc., 258 So.2d 319, 320 (Fla. 3d DCA) (disclaimer printed in the same color and size of type as remainder of contract is not conspicuous), cert. denied, 263 So.2d 831 (Fla.1972). See also § 607.01401(4), Fla.Stat. (1993) (under corporations statute, “ ‘Conspicuous’ means so written that a reasonable person against whom the writing is to operate should have noticed it. For example, printing in italics, boldface, or a contrasting color or typing in capitals or underlined is conspicuous.”); Guemes v. Biscayne Auto Rentals, Inc., 414 So.2d 216, 218 (Fla. 3d DCA 1982) (style of type which was neither larger nor heavier than that used in remainder of document did not meet statutory requirement of bold type). See generally John A. Glenn, Annotation, Validity and Construction of Statutes Relating to Style or Prominence With Which Provisions Must Be Printed in Insurance Policy, 36 A.L.R.3d 464 (1971).
The summary judgment entered in favor of Associates Life is reversed, and this case is remanded for further proceedings consistent herewith.
Reversed and remanded.

. Associates Life argues that because the Department of Insurance pre-approved the form of the policy issued here, we should affirm. Regardless of what deference we should accord to the Department’s determination, we find that as a matter or law, its approval of the policy form in this case was clearly erroneous, and that reversal is required.